PUBLIC RECORDS — OPEN TO CITIZENS It is not necessary for a citizen to make an appointment with an agency in order to inspect public records. Whether an inspection is for proper or improper purposes would depend upon the circumstances of each situation. Anything that is prohibited by law would obviously not be a proper purpose. An agency does not have the right to limit access to any public record in absence of statutory authority. An agency may limit access to its records to the business hours of the day. A citizen requesting to inspect the public records should be allowed to do so as soon as is reasonably possible under the circumstances. This is to acknowledge receipt of your letter wherein you ask the following questions: "1. Are the records of State Agencies open to citizens during business hours or are said citizens required to establish a prior appointment to see said records? "2. Who determines proper purposes? What is the definition? "3. Does the Agency have the prerogative of determining access to certain records and limiting access to same? "4. May the agency set time limits upon when the records may be seen? (For instance, if the records under question take more than three or four hours to examine, may the citizen come back indefinitely to complete the examination?) "5. If a citizen is interested in a particular account, should that account be made available upon request or is it necessary for the citizen to wait upon the 'convenience' of the agency involved?" The controlling statute is 51 O.S. 24 [51-24] (1971), which states: "It is hereby made the duty of every public official of the State of Oklahoma, and of its subdivisions, who are required by law to keep public records pertaining to their said offices, to keep the same open for public inspection for proper purposes, at proper times and in proper manner, to the citizens and taxpayers of this State, and its subdivisions, during all business hours of the day; provided, however the provisions of this act shall not apply to Income Tax Returns filed with the Oklahoma Tax Commission, or other records, required by law to be kept secret." With reference to your first question, there is no requirement that the citizen make an appointment to inspect the records. This section states that the records be kept available for public inspection during all business hours. In the absence of any statutory authority for the agencies to require the citizens to make an appointment to inspect the records, such a requirement is not proper. With reference to your second question, it is not possible to formulate a legal definition of "proper purposes" that would be adequate for each situation that may arise. Obviously, use of records for any purpose that is prohibited by law would not be proper. In this regard, it should be the burden of the agency to show that a use would be improper, rather than requiring the citizen to prove that his use is proper. Concerning your third question, the statute requires all public records to be kept open for inspection. In Attorney General's Opinion No. 66-292, the question was asked if the State Industrial Court could limit requests to inspect records to those records of pending claims only, and this Opinion held that the inspection of records could not be limited in this manner. Opinion No. 66-292, mentioned above, states on page five: "Any member of the public is entitled to have access to the public records of the Court, without restriction as to date or number, for the purpose of inspecting or copying any information appearing as part of the public record." In regard to your fourth question, the only time limits set out in the statutes are "at proper times" and "during all business hours of the day." Reading this section as a whole, it appears that the only time limits that may be set are the normal business hours of the day in which the agency is open. Concerning your last question, if a citizen is interested in a particular record, he should be given access to the record as soon as is reasonably possible after making his request to see it. It is not possible to say what is reasonable or unreasonable for every situation; what is reasonable depends, of course, on the circumstances in each instance. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: It is not necessary for a citizen to make an appointment with an agency in order to inspect public records. Whether an inspection is for proper or improper purposes would depend upon the circumstances of each situation. Anything that is prohibited by law would obviously not be a proper purpose. An agency does not have the right to limit access to any public record in absence of statutory authority. An agency may limit access to its records to the business hours of the day. A citizen requesting to inspect the public records should be allowed to do so as soon as is reasonably possible under the circumstances. (Todd Markum) ** SEE: OPINION NO. 79-011 (1979) ** ** SEE: OPINION NO. 78-209 (1978) ** ** SEE: OPINION NO. 78-146 (1978) ** ** SEE: OPINION NO. 76-373 (1976) ** ** SEE: OPINION NO. 79-011 (1979) **